IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVIEN MAYO, ID # 883269,  )<br>        Petitioner,  )<br>vs.  )<br>  )<br>NATHANIEL QUARTERMAN,[1] Director,  )<br>Texas Department of Criminal  )<br>Justice, Correctional Institutions Division,  )<br>        Respondent.  ) | No. 3:05-CV-0565-D (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County convictions for aggravated sexual assault and aggravated robbery in Cause Nos. F98-55097-U, F98-55098-U, F98-55099-U, and F98-70181-U.  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

After petitioner entered a plea of guilty to the offenses, the trial court sentenced him to ten-year, concurrent sentences of imprisonment on July 23, 1999.  Petitioner did not appeal his convictions.  On June 26, 2000, petitioner filed a state application for writ of habeas corpus (WR-46,170-01).  The Court of Criminal Appeals denied that application on August 30, 2000.  *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=&DateFiled2=&Style=Mayo%2C+Davien&Style_2=&COACaseNumberNo=&Submit1=Search (accessed Nov. 16, 2006) (following links to disposition).  On July 11, 2003, petitioner filed a second state application for writ of habeas corpus for each of his four convictions

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division.  The Court thus substitutes him for Douglas Dretke.  *See* Fed. R. Civ. P. 25(d)(1).

(WR-46,170-02 through -05). The Court of Criminal Appeals dismissed the second state applications as an abuse of the writ on November 19, 2003. *See id.*

Petitioner filed the instant federal petition in March 2005, when he placed it in the prison mail system. He claims that (1) the Court of Criminal Appeals abused its discretion by dismissing his second state applications as an abuse of the writ; (2) he received ineffective assistance of counsel when his attorney advised him to plead guilty when no evidence existed to substantiate his guilt; (3) he is actually innocent because the complainant could not identify him and because the State had no evidence to corroborate testimony from an accomplice witness. He submits that he did not discover the evidence to support his claims until April 4, 2003, despite diligent efforts to obtain such evidence. He urges the Court to find the instant federal petition timely filed.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right

2

under subparagraph (C). Instead, he bases this petition on alleged newly discovered evidence that became known on April 4, 2003. Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from (D) the date on which petitioner knew or should have known with the exercise of due diligence the facts supporting his claims.

For purposes of these findings, the Court will assume without deciding that petitioner indeed made diligent efforts to obtain the information that he obtained on April 4, 2003. Because such information forms the basis for his claims of actual innocence and ineffective assistance of counsel, petitioner would have known the factual basis for such claims when he obtained that information. However, petitioner would not have known the factual basis for his claim that the Court of Criminal Appeals abused its discretion until late November 2003, after that court dismissed his second state applications for abuse of the writ.

Despite having knowledge of the factual bases for each claim raised in the instant petition by the end of November 2003, petitioner did not file the instant federal petition until March 2005. Because petitioner filed his federal petition more than one year after he knew the factual predicate for his claims, a literal application of § 2244(d)(1) renders his federal petition untimely.

### IIII. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Although petitioner's second state applications tolled the limitations period from July 11, 2003, through November 19, 2003, for his claims of actual innocence and ineffective assistance of

3

counsel, such tolling does not make the instant federal petition timely because petitioner did not file the federal petition until more than a year after such statutory tolling. Because the statutory tolling provision of § 2244(d)(2) does not save the instant petition from being untimely, the instant petition is untimely unless the Court finds reason to equitably toll the limitations period.

In this instance, petitioner argues that he is actually innocent and that he should not be prohibited from obtaining habeas relief because he proceeds *pro se*, is unschooled in the law, and was unaware of the legal significance of relevant facts and procedures. Equitable tolling is not warranted, however, merely because a petitioner proceeds *pro se* and is not well-versed in the law. "[I]gnorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). That petitioner proceeds without counsel likewise does not warrant tolling. *Id.* at 171. Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

In addition, a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *See Felder*, 204 F.3d at 171 & n.8. Furthermore, a "guilty plea forecloses any claim of actual innocence." *Hopkins v. Cockrell*, No. 3:02-CV-2128-N, 2003 WL 21488222, at *4 (N.D. Tex. Apr. 24, 2003) (findings, conclusions, and recommendation adopted by District Court). Petitioner, moreover, has not established that he is actually innocent. The Supreme Court has held that to show actual innocence, a petitioner must establish:

> that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt . . . in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial.

*Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner must show "that he has reliable new evidence that establishes his actual innocence." *Hopkins*, 2003 WL 21488222, at *4.

Petitioner has not met this standard. He merely argues that the validity of his convictions rest solely on the testimony of an accomplice witness and that the newly discovered evidence shows him to be actually innocent. Although he submits that he has made a "colorable claim of factual innocence", he has not done so. To show actual innocence, one must show more than a mere colorable claim – one must show that it is more likely than not that no reasonable juror would have found him guilty. Petitioner provides an arrest warrant and a portion of transcripts from state proceedings as alleged newly discovered evidence supporting his claim of actual innocence. The arrest warrant indicates that the complainant positively identified petitioner; that a Rodney Edwards was arrested with petitioner for "several aggravated robberies in the area"; that Edwards was characterized as a "witness" to a robbery and sexual assault that did not involve him; and that the police recovered a revolver from petitioner on his arrest, which matched the "general description" given by the complainant of the combined robbery and sexual assault. The transcripts of state proceedings indicate that the complainant did not identify petitioner as one of her assailants; that the State possessed a statement from an "accomplice" (Edwards) that petitioner was the gunman, that petitioner was located within walking distance of the offenses and possessed a gun at that time. The proffered evidence does not show petitioner to be actually innocent.

Petitioner also relies on a state law requirement (Tex. Code Crim. Proc. Ann. art. 38.14) that testimony of an accomplice be corroborated by other evidence. "Of course, the Constitution imposes no requirement that the testimony of an accomplice-witness be corroborated by independent evidence." *Brown v. Collins*, 937 F.2d 175, 182 n.12 (5th Cir. 1991). Therefore, constitutionally sufficient evidence may support a conviction even when the State provides no evidence to corroborate testimony from an accomplice. *Id.* Although constitutionally sufficient evidence standing alone does not make a "showing of innocence . . . insufficient", *Schlup*, 512 U.S. at 331, petitioner in this case provides nothing to show that he is actually innocent. As already discussed, the proffered evidence of innocence does not suffice. Reliance on the state law corroboration requirement likewise does not suffice to show one actually innocent. Based upon everything that petitioner

5

has provided to it, the Court finds that petitioner has not shown that he is actually innocent of the offenses to which he pled guilty.

Because neither statutory nor equitable tolling save petitioner's March 2005 filing, the filing falls outside the statutory period of limitations and should be deemed untimely. A petitioner's "claims of innocence do not preclude the dismissal of his petition as untimely." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). It is not "fundamentally unfair" to find a petition untimely despite an assertion of actual innocence. *Id.*

## IV.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 17th day of November, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6